■ In the Matter of the Estate of ROBERT F. CHRESTENSEN, Deceased. MARINE MIDLAND BANK, N. A., Appellant. (Appeal No. 1.)—Order unanimously reversed on the law without costs and petition granted, in accordance with the following Memorandum: The Surrogate erred in (1) disapproving the account of the executor and directing that it be resubmitted with a recomputation of executor's fees on the basis set forth in the court's order and (2) awarding a guardian ad litem fee. None of the authorities relied upon by the Surrogate involved an agreement executed by the testator himself. In this case, the decedent executed his will and the trust agreement on the same day. The trust agreement clearly reflects decedent's intent that the payment of commissions be computed on the

combined assets of the trust and the estate, but with no double commissions payable. The will directs that the estate be distributed according to the terms of the trust agreement, thereby indirectly authorizing the manner of compensation set forth in the agreement. The agreement is not contrary to public policy and does not lack consideration since, in return for allowing computation of the executor's commission on the combined trust and estate assets, the trustee agreed to defer one-half of its compensation until after the death of the grantor's wife and waived its commission as executor of her estate. In addition, the agreement seeks to avoid double commissions on assets distributed as executor. Moreover, the direct beneficiaries have accepted and ratified the payment of commissions to the executor on that basis. Under these circumstances, the Surrogate erred in refusing to give effect to the express provisions of the trust agreement directing that the payment of executor's commissions be calculated from the combined assets of the estate and the trust (SCPA 2312 [1]; see, Matter of Boddy, 136 Misc 2d 87, 90). Furthermore, there was no need for the appointment of a guardian ad litem for allegedly unknown beneficiaries (see, SCPA 315 [2] [a] [iii]) and the special guardian is directed to reimburse the estate for any fee received (see, CPLR 5523). (Appeal from Order of Cattaraugus County Surrogate's Court, Horey, S.—Estate Accounting.) Present—Dillon, P. J., Callahan, Denman, Green and Lowery, JJ.